## HENRY KING vs. RALPH DEWEY.

In this commonwealth an action of replevin will not lie for goods of less value than twenty dollars, and such action will be dismissed for want of jurisdiction, even after verdict.

REPLEVIN, commenced in the court of common pleas, for 3,200 bricks, the value of which was alleged to be $50. The appraisers had fixed the value at $18.20. By consent of parties, a special verdict was taken in that court, finding the value to be $17, whereupon *Wells*, C. J. upon the defendant's motion, dismissed the action for want of jurisdiction. The plaintiff excepted.

*W. G. Bates*, for the plaintiff. 1. The jurisdiction of the court of common pleas depends, not upon the finding of the jury, or the appraisal of men, but upon matters apparent in the writ, which in this case alleges the damages at $50. The objection, if any, should have been pleaded to the jurisdiction, but it was not made until after trial of the case.

2. The court of common pleas "have jurisdiction of all civil actions, except those of which the supreme judicial court or justice of the peace have original and exclusive jurisdiction." Rev. Sts. c. 82, § 2. A justice of the peace has no jurisdiction of replevin, except for cattle distrained. *Jordan* v. *Dennis*, 7 Met. 590. If the court of common pleas have no jurisdiction of replevin of property of less value than $20, a party cannot recover a family portrait or valuable relic, if found not to be of that market value. The language of Rev. Sts. c. 82, § 4, prohibiting the bringing in that court of " actions

wherein the debt or damages demanded do not exceed twenty dollars," is not applicable to replevin. 7 Met. 591. In Maine, this action could be maintained. *Ridlon* v. *Emery*, 6 Greenl. 262.

*H. Vose*, for the defendant.

MERRICK, J. The goods replevied in this action were of less value than twenty dollars. For that reason the court of common pleas, to which the writ was returnable, determined that it had no jurisdiction of the action, and ordered it to be dismissed.

Actions of replevin are authorized and provided for, and the whole course of proceeding, in the commencement and prosecution of them to final judgment, is carefully and minutely regulated and prescribed in Rev. Sts. *c.* 113. And the power and duty of justices of the peace, and of the court of common pleas respectively, in relation to such actions is to be ascertained and deduced from a consideration of its various provisions. For beasts alleged to have been unlawfully at large, and for that cause distrained or impounded, the owner may maintain a writ of replevin sued out and prosecuted before a justice of the peace. § 17. And for goods unlawfully taken or detained, the value of which is more than twenty dollars, the owner, or other person entitled to possession, may have the like writ, sued out, and returnable before the court of common pleas. §§ 27, 28. It is obvious that by such provisions no general power is conferred upon either of these tribunals, but only a limited right to entertain jurisdiction of actions which parties are specially allowed to institute and bring before them. In *Jordan* v. *Dennis*, 7 Met. 590, it was determined that no action of replevin for any other property than beasts distrained or impounded could be maintained before a justice of the peace, for the reason that the giving of express jurisdiction in cases particularly enumerated, necessarily implied that it was neither granted nor to be entertained in any other. In like manner and for the same reason, as the court of common pleas is authorized by special provision to entertain jurisdiction of actions of replevin brought to recover possession of goods unlawfully taken or detained,

which are of more value than twenty dollars, that court is necessarily limited thereto, and can lawfully take cognizance of no other. It is a necessary consequence from these premises that no action of replevin, except for beasts distrained or impounded, or for goods of greater value than twenty dollars, can be maintained either before a justice of the peace or in the court of common pleas. And as no provision is made for the prosecution of such actions before any other tribunal, it follows that for property of less value than twenty dollars, no action of replevin can be maintained.

Formerly it was otherwise. By the colonial ordinance of 1641, it was declared that "every man shall have liberty to replevy his goods," without any restraint or exception in relation to the value of the property sought to be recovered. While that ordinance remained in force, there was no limit assigned to the right of resorting to this particular remedy. And it did so continue until the whole subject was revised by the legislature. By the *St.* 1789, *c.* 26, of which that part of the Rev. Sts. *c.* 113, relating to actions of replevin, is substantially a copy, the causes for which, and the tribunals where, such actions might be prosecuted, were specially designated and prescribed. The effect of these new provisions was, to supersede and repeal all former laws in relation thereto. Rep. of Com. on Rev. Sts. *c.* 113. *Commonwealth* v. *Cooley*, 10 Pick. 37. Instead of the general liberty which had been previously allowed, and which extended to property of the minutest value, authority was thereby given to prosecute actions of replevin only for cattle distrained or impounded, and for goods, the value of which exceeded four pounds; for which here twenty dollars was subsequently substituted. No provision was thereby made for the restitution to the owner of his specific goods, if they were of less value than twenty dollars; and that omission, very plainly intentional, has never since been supplied. Undoubtedly it was considered by the legislature, that for the unlawful detention of property of such inconsiderable value, the action of replevin was an inappropriate and unsuitable remedy, and that the owner would find in other modes of proceeding adequate redress for the injury sustained.

A different conclusion cannot be deduced from the pro-visions of the Rev. Sts. *c.* 82, § 2. The sole object of that sec-tion is, as was the similar provision in the *St.* 1820, *c.* 79, by which the court of common pleas, as it now exists, was origi-nally established, to define the jurisdiction of that court over actions elsewhere enumerated, or otherwise than by its own provisions permitted or allowed by law. It was not designed, nor does it in the least purport to authorize any other or differ-ent actions of replevin than those enumerated in Rev. Sts. *c* 113, or to make them available for the recovery of any other property than that therein described; and therefore it does not confer upon the court any enlarged jurisdiction concerning them.                                              *Exceptions overruled.*